And I am informed that everybody is here for case number one. So we will move back and take up case number one, Michael Spencer v. Joe Pistorius, 14-1704. Mr. Spencer. Good morning, Your Honor. This morning I bring before you... Please be sure to speak up. Yes, ma'am. May it please the Court, my name is Michael Spencer and I am proceeding pro se in this matter. I am moving for a reversal of the Circuit Court's decision to grant the defendants summary motion for summary judgment to dismiss my case based on factors that the defendants claim that they have qualified immunity, that they had probable cause to arrest, and I also argue now that I also suffered from ineffective assistance of counsel from the court opponent counsel for these matters. A lot of the issues regarding the arrest and its probable cause as well as probable cause to search and seize my vehicle have been argued quite a bit in the State Court as well as in the Circuit Court for the United States. It was determined in the State Court that they did not have probable cause or the right to search my vehicle. The issue regarding the arrest was not argued or discussed at the appellate court level in the State Court. That matter has been brought to the District Court here, and it was determined that based on the evidence presented at the trial that the officers did have the probable cause and that I, in my arguments through my attorneys, had actually agreed to those issues when in fact I did not. Mr. Spencer, once the officers discovered the cash on you, why do you think they lacked authority to lawfully search the interior of the car when you were arrested? Because as far as I am aware, Your Honor, it is not unlawful to have the amount of cash on me that I had. Well, they had other information, though, didn't they, from the young lady who talked about being used as a call girl at your direction and so forth? And it was also noted that that particular young lady made those statements while being angry and under duress for being forced to go in and make those statements. But what evidence do you have that Ms. Kander's statement to the police was coerced? As you know, as you argue in the brief, is it your belief that the threat of arrest alone, the threat of arrest alone is tantamount to coercion? Is that your view? That along with the fact that she was basically, with that threat, canceled her complete night's plans. They had already spoken to her before. None of the people that were involved with that organization were observed breaking any laws. They were basically on a manhunt to find their missing person. So they were doing anything and everything to try to produce that. And even after seizing me, it did not happen because I was gone. They found her elsewhere with her own friends. So there are a couple of different questions here. I mean, there's the probable cause for the arrest, which is what we're talking about. There's the question whether the police could search the interior of the car. And then there's a question whether the police could search the trunk. And then there's finally a question whether the police could search the locked small metal box. And actually, moving backwards, it's really in the metal box that they find the plastic baggies of cocaine. So even if they could search the interior of the car, meaning the front seat, the back seat, that may not necessarily mean that they can search the box. So I think it would help if you could focus on each of those steps down the line, the arrest, the interior search, the trunk search, the box search. Okay, well, pursuant to case law, which there's numerous case law, when I was arrested, that would have entitled them to search the interior of the vehicle. There were no evidence of any crime found within the interior of the vehicle. Therefore, there was no probable cause to search the rest of the vehicle. So it would be your position that even if they could search the interior of the vehicle under the Belton case, for example, they would have needed to obtain a warrant to get the trunk and the box? That is correct. Because I think, well, I mean, the police had a lot of reasons. I mean, they don't have to be right about these reasons. They just have to have objectively based reasons to conduct the arrest. And they had a number of things that caused them to think that you might have been engaged in the criminal offense of pandering. Do you think it would be reasonable for officers to assume that the cash, three cell phones, the laptop suggested some criminal activity, pandering or otherwise? No. No? No. Again, Your Honor, it is not to my knowledge that it would be unlawful to have the cash. They did not know anything about me other than the statement by Ms. Candir. So there's no reason to think that I would not have multiple cell phones for other purposes. Well, but the cell phone, one of those cell phones had the number of the erotic services, the erotic service on the website, in other words, matching. Right. It was a phone registered to you and it matched up with this website. And Candir had said she worked for you as an escort. As a call girl, essentially. And those things were in the front of the car. They were in the interior of the car. So when they were approaching me or arresting me, they were supposedly arresting me for pandering, but they were actually, according to the deposition, looking for Anna, and she would not have been in the trunk of the car. I see you're in your rebuttal time, but I wanted to ask you a question about a counsel that was appointed for you. Yes. You argue that counsel was ineffective. Where do you get the authority? What is the authority for your being entitled to counsel? I concede that there was not any. I was asking for a new precedence only because the appointed counsel was appointed to me. I didn't even know I was entitled to it at all. So when the issues for which I lost the motion for the dismissal regarding that, well, if it was not the defendants, then it would have been the officers that took the statement originally, whether it was coerced or not. These things were discussed with my attorneys, and they never brought it up. And they what? They never brought the issues to court. They should have known that it was, you know, well, these guys aren't the ones responsible because they received information from someone else. We had the depositions that showed that it was coerced, so then they should have been added to the case as well as defendants. And then also the fact that it appears that they were agreeing that or representing that I agreed to the information that the officers had as being sufficient to arrest me. So these issues were things that I actually expressly explained to them I did not and that they should have brought up in court. All right. Thank you. Okay. You can save a minute. And Ms. Skerry. Certainly, you can put that wherever and it'll pick up the other two. Okay, good. May it please the court. My name is Laura Skerry, and I represent the defendants at police in this matter. The district court properly granted summary judgment in favor of the defendants with respect to plaintiff's false arrest claim. As we all know, the existence of probable cause is an absolute bar to a Section 1983 claim for false arrest. So would you mind focusing on the latter two things that I mentioned to Mr. Spencer, the search of the trunk and the small metal box? Because for myself, that's what really worries me about this. I can understand your argument about the arrest. And under Belton, the then prevailing law, I can understand the argument about the interior of the car. But I have trouble with the trunk and the box. With respect to the search of the vehicle, particularly the trunk, under the automobile exception to the warrant requirement, that's Carroll v. United States case, as long as the officers have probable cause to believe that contraband or evidence of a crime is going to be in the vehicle, they have a right under that precedent to search the entire interior of the vehicle, including the trunk. Did Officer Pistorius need to reasonably believe that evidence of pandering could be found in the trunk? Yes, Your Honor. Or would suspicion of any crime suffice? I believe suspicion of any crime would suffice. But in this case, he certainly had probable cause to believe that evidence of pandering would be found in the trunk. Well, I mean, just as Mr. Spencer said, he wasn't expecting to find AK in the trunk. That is correct. However, prior to the search of the vehicle, Officer Pistorius and Officer Hines, they had critical pieces of information, which, by the way, the plaintiff does not dispute. And those four pieces of critical information, I believe Your Honors had touched upon it earlier. One, the plaintiff's name and phone number were associated with the website, with an address that included the words, erotic entertainment depicting provocatively dressed women. The second piece of evidence that the officers had prior to the search of the vehicle was that plaintiff's house contained photography equipment that, in the mind of Officer Pistorius, suggested pornographic activity. The third critical piece of evidence, and I think this is probably the most important one, is that Lisa Candier, who is the acquaintance of the missing 17-year-old girl, stated that she worked for a plaintiff as a call girl who could be hired through that website. By the way, the plaintiff never disputed. Right, but how does this lead to the trunk, the trunk of the car? None of the activity related to the trunk or that he stored things there or anything of that nature? Well, I think it's easy for the officer to believe that there would be evidence of pandering in the trunk. Wait a minute, wait a minute. First, I want us to get ahead of the law here. Okay. Because if the legal theory is a search incident to arrest, there is a limitation on that under Belton, and you need to, I mean, it wasn't automatic under the automobile exception or search incident to arrest that you could search the trunk. And if you're saying there was probable cause, once the car is secured, this, of course, as we later find out in Gantt as well, but under Belton, once the car is secured, maybe what you're describing is what you would have put in an affidavit for a warrant to search the trunk, but the trunk wasn't going anywhere, and anything in the trunk was going to be secure. But the law doesn't require that the officers get a warrant every time that they're going to search the trunk, as long as they have probable cause to go ahead and search the trunk. I'm most interested in that locked box. I'm sorry? I am most interested in the locked box. In other words, okay, so they're in the trunk, and then there's a locked box, and they've got the keys, and they open that locked box. I mean, those are a lot of steps that were taken. Your Honor. And, of course, for evidence of pandering, if that's what you're still hanging your hat on, the smaller it gets. This is a little box. It's 12 inches by 12 inches or so. I think you're way out there on a limb. Well, Your Honor, let's not forget the fact that in addition to the critical pieces of evidence that I previously described, once they conducted a search of Mr. Spencer's person, incident to an arrest, they found $8,000 cash on his person. You're 100% taken by itself that a person having that amount of cash does not indicate that the person is involved in a crime. But the officers had much more information available. And so under the totality of the circumstances, it was completely reasonable for Officer Pistorius to believe that there would be further evidence of pandering inside the trunk. So when they did search the trunk pursuant to United States v. Carroll, which is the automobile exception to the warrant requirement, they found this locked box. And once they found the locked box, they could reasonably believe that there would be further evidence of pandering inside that locked box. But you argued earlier that it's of any crime. Pardon me? I think that you argued earlier that it didn't have to be just evidence of pandering. It could be suspicion of any crime. I think I may have misunderstood your question, Your Honor. So in this particular case, the officers searched that locked box because they believed that there was further evidence of pandering in that locked box. Because let's not forget, the officers found $8,000 cash on Mr. Spencer's person. Additionally, they had a statement from Ms. Candier that she worked as a call girl and she worked for Mr. Spencer. But this is an ex ante question, and it's a question about reasonable officers. It's not what did these people think. And I feel that the evidence is very weak to show that there was a rational basis to think that evidence of pandering would be found inside the locked box, just to take that. Your Honor, I respectfully disagree because the things that could be considered evidence of pandering are receipts, money, drugs, lists of clients, lists of call girls. And all of those things that I just described to you could neatly fit in a 12 by 12 locked box. Why would drugs be indicative of pandering? Your Honor, in our motion for summary judgment on behalf of the defendants, the defendants argued that Lisa Candier indicated or described how the prostitution operation operated. And she described to the officers that Mr. Spencer would pay the call girls with money and or drugs. And so that's the reason why they thought that drugs would be found in the locked box. And you're not defending this as an inventory search anymore? Your Honor, I'm not. I'm not defending the inventory search. But Rolling Meadows has this inventory policy. Yes, Your Honor. And it seems to me that the policy allows unlimited discretion in the officers as to whether to tow a car and to inventory it or not. That seems troubling. Well, Your Honor, the tow policy, let me get it right here, it indicates that the tows can occur subsequent to an arrest. It's my understanding that it occurs in two circumstances, when there is no way that the vehicle can be left unattended for a number of reasons and where the vehicle cannot be left unattended because of safety issues. Are you defending the impoundment policy as constitutional? Because in the brief, you do not explicitly argue that the policy is consistent with the Fourth Amendment, do you? I'm not arguing that, Your Honor. I'm basically saying that the impoundment policy is irrelevant in this case because Mr. Spencer was not injured as a result of the impoundment policy. And, Your Honor, as long as the officers have probable cause to search the entire contents of the vehicle, the impoundment issue does not come into play. So the officers were not inventorying. They were specifically looking for evidence of a crime in the trunk and in the lockbox. The officers testified that they were looking for evidence inside the trunk, although it's not disputed that Officer Pistorius testified that he conducted the search pursuant to an inventory search. But, again, under the Fourth Amendment, it's not the officer's subjective intentions that come into play or govern the Fourth Amendment. It's what the objective facts demonstrate. I know that you're done, but I have a question. Okay. How do officers operating under the city's impoundment policy actually decide whether a parking lot – whether a lot is public or private? Is it based on whether it is posted as private property or are virtually all parking – I don't want to call them parking lots because, you know, then we think of payment. But, you know, virtually all parking places are considered private. Are you referring specifically to the City of Rolling Meadows policy? Yes. Because that's what they're laboring under. That's exactly what happened in the underlying state court proceedings. And I do believe it really is a case-by-case analysis. I don't think that we can say carte blanche that every shopping mall parking lot is public or private. And I can't say definitively that every high school parking lot is public or private. If you have no other further questions, may I be excused? All right. Thank you very much. No. Yes, you may. Thank you. And we'll let you get your – You have to stay and listen. Device. Thank you. Certainly. You might want to put it back up because Mr. Spencer has another couple of words. Do you need it up for Mr. Spencer? May it please the Court. In regards to the issue of whether or not the officers had searched the vehicle pursuant to the policy or if they felt they had probable cause, throughout the entire state proceedings, they argued that it was pursuant to the policy, and there was never any mention of having probable cause or seeking evidence for pandering or anything of that nature. They strictly only argued that they were doing a procedural search. And in regards to – So they've shifted ground here, but is there anything wrong with that? In my opinion, yes. In my opinion, yes. Also, in regards to – Are you saying that they waived the argument? Yes, Your Honor. But it was a different entity, though. It was the state prosecution that was pursuing the criminal charge and defending the methods there. Here it's the officers themselves. That is correct, Your Honor, although I do find it rather dubious that they would shift once they get to another jurisdiction and say, oh, well, we're going to change our minds and say that this is why we were doing it. If the officers had been in charge in state court, they might have pursued a different avenue. They can't control what the prosecution does. But it was also the reports that stated that they were pursuing a policy. The written reports? Yes. Okay. Well, your time has expired, but we thank you very much. Thank you. And thanks as well to opposing counsel. The court will take the case under advisement.